UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CR. NO. 3:22-CR-06 |
| --- | --- | --- |
| v. | : | |
| | : | (Judge        ) |
| DAVON ANTHONY BECKFORD, | : | |
| a/k/a "Dolo," a/k/a "Jaquan Wilson," | : | |
| TYLA GRIFFIN, and | : | FILED |
| KASEY SANCHEZ, | : | SCRANTON |
| Defendants. | : | FEB 15 2022 |

**INDICTMENT**

At times material to this Indictment:

1. The substance, fluorofentanyl, falls within the definition of fentanyl-related substances as set forth in the February 6, 2018 temporary scheduling order as a Schedule I controlled substance. Through the Temporary Reauthorization and Study of the Emergency Scheduling of Fentanyl Analogues Act, which became law on February 6, 2020, Congress extended the temporary control of fentanyl-related substances until February 18, 2022.

2. The Controlled Substances Act (CSA) was amended in 1986 by enactment of the Controlled Substances Analogue Enforcement Act. This law provides for controlled substance analogues, to the extent that

they are intended for human consumption, to be treated as Schedule I controlled substances for the purposes of criminal prosecution. The term "controlled substance analogue" means a substance: (1) the chemical structure of which is substantially similar to the chemical structure of the controlled substance in Schedule I or II; (2) which has a stimulant, depressant, or hallucinogenic effect of the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II; or (3) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II. [Title 21, United States Code, § 802(32)(A)].

3. Fluorofentanyl shares chemical structural similarities with the Schedule II synthetic opioid analgesic fentanyl and based on structure activity relations, fluorofentanyl (Schedule I) and fentanyl (Schedule II) are expected to share substantially similar pharmacological effects. Therefore, fluorofentanyl is a Schedule I

controlled substance analogue.

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>
21 U.S.C. § 846
(Conspiracy to Possess and Distribute Controlled Substances and Controlled Substance Analogues)

From in or about January 2020, the exact date being unknown to the Grand Jury, to on or about the date of this Indictment, within the Middle District of Pennsylvania and elsewhere, the defendants,

**DAVON ANTHONY BECKFORD,**
a/k/a "Dolo," a/k/a "Jaquan Wilson,"
**TYLA GRIFFIN, and**
**KASEY SANCHEZ,**

did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to commit offenses against the United States, namely: to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute a mixture and substance containing a detectable amount of fluorofentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption as provided in 21 U.S.C. § 813, and

3

fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A) and (B).

## QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONPIRACY

The amount of fentanyl and fluorofentanyl involved in the conspiracy that is attributable to each of the defendants as a result of his or her own conduct, and the conduct of other co-conspirators reasonably foreseeable to him or her, including results of the fentanyl and fluorofentanyl distribution, is as follows:

1. **DAVON ANTHONY BECKFORD, a/k/a "Dolo," a/k/a "Jaquan Wilson":** in excess of 400 grams of fentanyl and an unspecified amount of fluorofentanyl, and death and serious bodily injury of a person known to the grand jury resulted from the use of such substances.

2. **TYLA GRIFFIN:** in excess of 400 grams of fentanyl and an unspecified amount of fluorofentanyl.

3. **KASEY SANCHEZ:** in excess of 40 grams of fentanyl and an unspecified amount of fluorofentanyl.

Before **DAVON ANTHONY BECKFORD, a/k/a "Dolo," a/k/a "Jaquan Wilson,"** committed the offense charged in this count, **DAVON ANTHONY BECKFORD, a/k/a "Dolo," a/k/a "Jaquan Wilson,"** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Controlled Substances (Case No. 3:CR-16-127), and a conviction under 35 Pa.C.S.A. § 780-113 §§ A-30, Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Controlled Substances, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), (B) and (C).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 2
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance Analogue Resulting in Death)

On or about February 12, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**DAVON ANTHONY BECKFORD,**
a/k/a "Dolo," a/k/a "Jaquan Wilson,"

aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute fluorofentanyl, a Schedule I Controlled substance analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption as provided in 21 U.S.C. § 813, and death and serious bodily injury of a person resulted from the use of such substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 3
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about June 2, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**DAVON ANTHONY BECKFORD,**
a/k/a "Dolo," a/k/a "Jaquan Wilson,"

did knowingly, intentionally and unlawfully possess with intent to distribute, and did distribute, fentanyl, a Schedule II Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 4
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about July 13, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**TYLA GRIFFIN,**

did knowingly, intentionally and unlawfully possess with intent to distribute, and did distribute, fentanyl, a Schedule II Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about September 28, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**DAVON ANTHONY BECKFORD,**
a/k/a "Dolo," a/k/a "Jaquan Wilson,"

did knowingly, intentionally and unlawfully possess with intent to distribute, and did distribute, fentanyl, a Schedule II Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 6
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about January 21, 2022, within the Middle District of Pennsylvania and elsewhere, the defendant,

**DAVON ANTHONY BECKFORD,**
a/k/a "Dolo," a/k/a "Jaquan Wilson,"

did knowingly, intentionally and unlawfully possess with intent to distribute, and did distribute, fentanyl, a Schedule II Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

# THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), or 846, the defendants,

**DAVON ANTHONY BECKFORD,**
a/k/a "Dolo," a/k/a "Jaquan Wilson,"
**TYLA GRIFFIN, and**
**KASEY SANCHEZ,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

JOHN C. GURGANUS
United States Attorney

*Michelle Olshefski*  2/15/2022
MICHELLE OLSHEFSKI        Date
Assistant United States Attorney