IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:22-CR-61 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| DAVON ANTHONY BECKFORD | : | (Electronically Filed) |

### BREIF IN SUPPORT OF DEFENDANT'S OBJECTIONS TO THE FINAL PSR

AND NOW comes the Defendant, Davon Anthony Beckford, by his attorney, Christopher Opiel, Esq., and files the following Brief in Support of Defendant's Objections to the Final PSR pursuant to the Order filed on November 8, 2023, Doc. 141. In support thereof, it is averred as follows:

### Brief Factual and Procedural Overview

On February 15, 2022, the Defendant was charged in an Indictment with: COUNT 1, conspiracy to possess and distribute in excess of 400 grams of fentanyl and an unspecified amount of fluorofentanyl that resulted in the death and serious bodily injury of a person for the use of such substances in violation of 21 U.S.C. § 846; COUNT 2, distribution of a controlled substance analogue resulting in death in violation of 21 U.S.C. § 841(a)(1); COUNT 3, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); COUNT 5, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); COUNT 6, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); and a forfeiture

1

allegation.  On March 1, 2023, Defendant entered a plea of guilty to COUNT 2 of the Indictment pursuant to a written Plea Agreement.  The written Plea Agreement indicates that the Government agrees to withdraw the Information of Prior Convictions filed pursuant to 21 U.S.C. § 851(a) prior to sentencing.  (Doc. 77 at ¶ 2).

Paragraph 2 of the written Plea Agreement states:

> Count 2 carries a mandatory minimum period of imprisonment of 20 years. In exchange for the defendant's plea of guilty to Counts 2 of the Indictment, the United States agrees that prior to sentencing, it will withdraw the Information of Prior Convictions of Controlled Substance Offenses filed on February 18, 2022, pursuant to 21 U.S.C. § 851(a), which would otherwise have mandated a life sentence for the defendant.

(Doc. 77 at ¶ 2).

1. **FIRST OBJECTION – Paragraph 30 – The increased penalty of USSG § 2D1.1(a)(1) should not apply.**

Paragraph 30 of the Final PSR calculates the Defendant's base offense level as a 43 by applying the increased penalty of USSG § 2D1.1(a)(1)[1].  (Doc. 103). The Draft PSR states "**\*Should the notice of prior conviction be dismissed, the**

---

[1] The Final PSR was filed on May 24, 2023, and on November 1, 2023 amendments to the USSG went into effect which changed the terms of USSG § 2D1.1(a)(1).  Therefore Paragraph 30 of the Final PSR references "prior convictions for similar offenses"; however, this language was amended and now states "prior convictions for a serious drug felony or serious violent felony; or . . . felony drug offense[s]".  USSG § 2D1.1(a)(1).

2

**BOL would be 38\***"; however the Final PSR does not include this statement. (Doc. 99 at 11). Defendant's position is that his base offense level should be a 38 pursuant to USSG § 2D1.1(a)(2) since the Government has agreed in the written Plea Agreement to withdraw the Information of Prior Convictions.

21 U.S.C. § 851(a)(1) states "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court". Section 851 "lays out the procedure for proving prior convictions that can be used to trigger the statutory sentencing enhancements available under 21 U.S.C. § 841". United States v. Banks, 770 F.3d 346, 350 (5th Cir. 2014). Therefore, the Government must follow Section 851 to subject the Defendant to increased punishments available under Section 841.

USSG § 2D1.1(a)(1) is essentially the Sentencing Commission's identical counterpart to an increased punishment stated in 21 U.S.C. § 841. 21 U.S.C. § 841(b) states "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final . . . if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment". USSG § 2D1.1(a)(1) states the base offense level is 43 if:

3

> (A) the defendant is convicted under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B), or 21 U.S.C. § 960(b)(1) or (b)(2), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a serious drug felony or serious violent felony; or
>
> (B) the defendant is convicted under 21 U.S.C. § 841(b)(1)(C) or 21 U.S.C. § 960(b)(3) and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a felony drug offense;

USSG § 2D1.1(a)(1) was just amended on November 1, 2023 to now include the language "prior convictions for a serious drug felony or serious violent felony; or . . . felony drug offense". The Sentencing Commission directly took the terms "serious drug felony", "serious violent felony", and "felony drug offense" from the increased penalties listed in 21 U.S.C. § 841. USSG § 2D1.1(a)(1) states that the base offense level is a 43 which according to the Sentencing Table is a Life sentence, which therefore provides the same result as the statutory life sentence penalty in 21 U.S.C. § 841.

On February 18, 2022, the Government filed an Information of Prior Convictions of Controlled Substance Offenses pursuant to 21 U.S.C. § 851(a) against the Defendant "in support of the imposition in sentencing of increased punishment by reason of such convictions." (Doc. 13). Therefore, the

Government initially put the Defendant on notice that he may be subject to "increased punishment by reason of one or more prior convictions" when the Government filed Doc. 13. However, Paragraph 2 of the subsequently filed Plea Agreement indicates that the Government is withdrawing Doc. 13 and therefore Defendant would no longer be subject to the increased punishment by reason of one of more prior convictions.

Since USSG § 2D1.1(a)(1) is essentially an identical counterpart to the increased punishment stated in 21 U.S.C. § 841; USSG § 2D1.1(a)(1) should not apply in this case when the Government has agreed that the increased punishments of 21 U.S.C. § 841 do not apply.

2. **SECOND OBJECTION – Paragraph 33 – The leadership enhancement pursuant to USSG § 3B1.1(a) should not apply.**

Paragraph 33 of the Final PSR includes a 4-point enhancement pursuant to USSG § 3B1.1(a) "[b]ecause the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". (Doc. 103). Defendant's position is that he was not an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive.

The offense conduct is discussed in paragraphs 9 through 24 of the Final PSR. First, Defendant was not an organizer or leader of a criminal activity

involving five or more people. Defendant was not an organizer or leader of criminal activity involving Akee Yamire Miller. Akee Yamire Miller was a customer of the Defendant, but Defendant did not have any leadership role or control over Akee Yamire Miller. Arguably, giving the benefit of the doubt to the Government, Defendant was involved in criminal activity with Tyla Griffin, Kasey Sanchez, and Mercedes Smith. This would only be four (4) individuals including the Defendant. Furthermore, it is clear Defendant did not have leadership or control over these individuals because paragraph 19 of the Final PSR states that "Tyla Griffin informed Akee Yamire Miller that she was no longer involved . . . with [the Defendant and she] was 'doing her own thing'." Paragraph 21 of the Final PSR explains that Akee Yamire Miller then began to purchase drugs directly from Tyla Griffin. This shows that both Tyla Griffin and Akee Yamire Miller were clearly not under the leadership of Defendant.

Second, Defendant's criminal conduct was not "otherwise extensive". Defendant's conduct was actually very simple. He sold drugs and he would ship them through the mail to his customers. This was not an extensive operation and it had little to no overhead expenses or managerial requirements. This conduct is not the conduct that should be subject to the 4-point enhancement of USSG § 3B1.1(a).

3. **THIRD OBJECTION – Paragraph 36 – Defendant objects that his New York adjudication as a Youthful Offender was a conviction invoking USSG § 4B1.1(b).**

Paragraph 36 of the Final PSR states "the defendant has at least two prior felony convictions for a crime of violence and controlled substance offense (paragraphs 42 and 44); therefore, the defendant is a career offender." (Doc. 103). Paragraph 42 of the Final PSR references a case from New York in which Defendant was adjudicated a Youthful Offender on January 10, 2013. USSG § 4B1.1 requires that a defendant's prior offense be a "conviction" in order for it to potentially count towards the defendant being a career offender.

The New York State Unified Court System website states:

> [a] youthful offender record is not a criminal record. It is automatically sealed and does not have to be reported on any applications for college or work as a criminal conviction. It does not disqualify the YO from holding public office, or public jobs.
>
> The YO maximum sentence can be no more than four years in jail.

https://www.nycourts.gov/courthelp/criminal/youthfulOffender.shtml.

Additionally, the website states "[b]eing a youthful offender gives a teen a chance to have no criminal record even for a felony."

The Defendant was 17 years old at the time he committed the offense in New York for which he was adjudicated a Youthful Offender. Pursuant to the

7

New York State Unified Court System, the Defendant's Youthful Offender adjudication should not qualify as a "conviction".

The United States Probation Office filed an Addendum to the Presentence Report to support the Probation Officer's position that Defendant's Youthful Offender adjudication should count towards his career offender status. (Doc. 104). The United States Probation Officer states:

> Youthful offender adjudications are in fact considered adult felony convictions. Further, in order to be a youthful offender as per New York criminal statute, the defendant must be convicted as an adult. See *United States v. Cuello*, 357 F.3d 162 (2nd Cir. 2004); *United States v. Jackson*, 2007 WL 2892639 (2nd Cir. 2007); *United States v. Jones*, 415 F.3d 256 (2nd Cir. 2005); and *United States v. Parnell*, 524 F.3d 166 (2nd Cir. 2008).

(Doc. 104).

In United States v. Parnell, the Second Circuit held that Parnell's Youthful Offender adjudication counted as a "prior felony conviction" because "Parnell was eighteen when he committed the offense that resulted in a conviction for attempted second degree burglary". 524 F.3d 166, 171 (2d Cir. 2008). Parnell's Youthful Offender adjudication was held as a prior felony conviction because Parnell was 18 at the time he committed the offense. Davon Beckford was only 17 at the time he committed his New York offense at issue.

In United States v. Cuello, the Second Circuit was tasked with determining if a Youthful Offender adjudication could count as an adult conviction in relation to USSG § 2K2.1. 357 F.3d 162 (2d Cir. 2004). In this context, the Second Circuit held "district court[s are] to examine the substance of the prior conviction at issue; to focus on the nature of the proceedings, the sentences received, and the actual time served." 357 F.3d 162, 168–69 (2d Cir. 2004) (internal citations omitted). Therefore, even to perform this analysis, more information regarding Davon Beckford's substance and nature of the proceedings held in his Youthful Offender adjudication would be necessary.

## Conclusion

WHEREFORE, the Defendant, Davon Anthony Beckford, respectfully requests that this Honorable Court grant the within objections.

Respectfully submitted,

Date:  December 15, 2023          /s/ Christopher Opiel
**Christopher Opiel, Esq.**
**Attorney ID# PA318776**
Opiel Law
88 North Franklin Street
Wilkes-Barre, Pennsylvania 18701
(570) 762-9992 (Office)
(570) 417-1436 (Cell)
(570) 825-6675 (Fax)
Email: cropiel@opiellaw.com

# CERTIFICATE OF SERVICE

I, Christopher Opiel, CJA appointed counsel, do hereby certify that this document, the foregoing **Brief in Support of Defendant's Objections to the Final PSR**, filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

>Michelle Olshefski, Esquire
>Assistant United States Attorney

Date:  December 15, 2023                   /s/ Christopher Opiel
                                           **Christopher Opiel, Esq.**